# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LECIA TAYLOR-WOMACK,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL PARRELLA,<br><br>    Defendant. | 8:15CV394<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Default Judgment (Filing No. 12) and Amended Motion for Default Judgment (Filing No. 13) filed by Plaintiff Lecia Taylor-Womack ("Plaintiff"), proceeding pro se. For the reasons stated below, the Motions will be construed as Motions for Clerk's Entry of Default.

## BACKGROUND

Plaintiff filed her Complaint on November 2, 2015 (Filing No. 1). Construed broadly, Plaintiff asserts claims for trademark infringement against Defendant Michael Parrella for his use of the mark "GG Gangster Gear Apparel Co." On November 11, 2015, the Court permitted Plaintiff to utilize the United States Marshal to serve process upon Defendant without prepayment of fees. (Filing No. 6.)

To complete service, Plaintiff provided the United States Marshal with Defendant's personal address, as well as the address of Defendant's attorney, Coia & Lepore, Ltd., in Providence, Rhode Island (Filing No. 8). On March 8, 2016, the Summons was returned executed. (Filing No. 9.) The Process Receipt and Return shows that the United States Marshal first attempted to serve Defendant by certified mail at Defendant's personal address, but the mailing was returned as undeliverable.

(Filing No. 9 at ECF 3.) The United States Marshal then attempted service by certified mail at the alternative address. (*Id.*) The Summons was returned executed based upon the signed certified mail receipt from service at the alternative address. (*Id.* at ECF 7-8.)

Defendant has not answered or otherwise responded to the Complaint in the time since the Summons was returned executed. Accordingly, Plaintiff filed the present Motions for Default Judgment.

## DISCUSSION

Under Rule 55, "[w]hen a party has failed to plead or otherwise defend against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir.1998); *see also Hagen v. Sisseton–Wahpeton Community College,* 205 F.3d 1040, 1042 (8th Cir. 2000) (citing *Johnson*). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.,* 120 F.3d 117, 118 n. 2 (8th Cir. 1997). Moreover, "'a default judgment cannot be entered until the amount of damages has been ascertained.'" *Hagen,* 205 F.3d at 1042 (quoting *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 97 (2d Cir. 1993)).

In summary, a default judgment under Rule 55 is a two-step process. First, "the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend." *Fraserside IP L.L.C. v. Youngtek Sols. Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011)

2

(citing Fed. R. Civ. P. 55(a)). Second, after the clerk has entered a default, "the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Id.*

The Court cannot rule on Plaintiff's Motion for Default Judgment because the Clerk of Court has not entered a default against the Defendant. Therefore, the Court will construe the Plaintiff's Motions as motions for entry of default. The Court will refer the motions for entry of default to the Clerk of Court. In the event that the Clerk of Court enters a default, the Court will then consider Plaintiff's Motion for Default Judgment after Defendant has had an opportunity to respond. Accordingly,

IT IS ORDERED:

1. The Motion for Default Judgment (Filing No. 12) and Amended Motion for Default Judgment (Filing No. 13) are construed as motions for clerk's entry of default under Fed. R. Civ. P. 55(a) and are referred to the Clerk of Court;

2. In the event the Clerk of Court enters a default against Defendant:

    a. The Clerk of Court is directed to send a copy of this Memorandum and Order as well as the entry of default to the addresses provided by the Plaintiff and listed below:

    Michael Parrella
    6 Union Avenue
    North Providence, RI 02904

    Michael Parrella
    c/o Coia & Lepore, Ltd.
    The Arthur E. Coia Building
    226 South Main Street
    Providence, RI 02903

b. The Defendant must respond to Plaintiff's Motions for Default Judgment (Filing No. 12 and 13) within fourteen days after the Clerk of Court's entry of default; and

c. The Clerk of Court is directed not to terminate the Motions that appear at Filing Nos. 12 and 13, but to set a response deadline of fourteen days from the date of the entry of default.

Dated this 24th day of June, 2016

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge